IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DANIEL A. WASHINGTON, )
 )
    Plaintiff, )
 )
v. ) Case No. CIV-15-899-F
 )
GARFIELD COUNTY DETENTION )
CENTER, et al., )
 )
    Defendants. )

**REPORT AND RECOMMENDATION**
**ON INITIAL REVIEW OF PLAINTIFF'S COMPLAINT**

Plaintiff, Daniel A. Washington, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. The matter has been referred by United States District Judge Stephen P. Friot for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). An initial review of Plaintiff's Complaint [Doc. No. 1] has been conducted pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court finds Plaintiff's Complaint fails to state any plausible claims upon which § 1983 relief may be granted. Accordingly, it is recommended that Plaintiff's Complaint be dismissed upon filing.

**I.    Plaintiff's Claims**

Plaintiff challenges the conditions of his confinement at the Garfield County Detention Center (GCDC) for a period of time during July through August 2015. In Count I, Plaintiff claims a violation of his Eighth Amendment rights because he was placed in a cell contaminated by urine and feces and with no running water. In Count II, Plaintiff claims a violation of his First Amendment and/or Eighth Amendment rights based on "speaking up for what was right" in relation to his prison job, being forced to clean feces and urine "several times between July 11th

and August 6th" and being forced to clean up pepper spray without any breathing apparatus or goggles resulting in irritation to his eyes and a sore throat. He further claims he had hot coffee thrown on him. Finally, in Count III, Plaintiff claims a violation of his Eighth Amendment rights because he was subjected to racial epithets while working with jail staff.

Plaintiff names as Defendants Kera Marshal, a day shift supervisor at the GCDC, and "Dustin", a day shift guard at GCDC. Although the style of the Complaint identifies GCDC as a defendant, the body of the complaint contains no allegations against GCDC.[1] As relief, Plaintiff seeks compensatory and punitive damages.

## II.     Screening of Complaint – Governing Standard

The court has a duty to screen a complaint in a civil action where a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity and must dismiss any portion of the complaint that is frivolous, malicious or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). The court's review of a complaint under § 1915A(b)(1) mirrors that required by Fed. R. Civ. P. 12(b)(6). The court must accept the plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to the plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v.*

---

[1] Moreover, GCDC is not a suable entity under § 1983. *See, e.g., Lindsey v. Thomson*, 275 F. App'x 744, 747 (10th Cir. 2007) (affirming dismissal of § 1983 claims against police departments and county sheriff's department, entities with no apparent legal existence); *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086 at *4 n. 3 (10th Cir. June 21, 2000) (unpublished op.) (affirming dismissal of county jail as defendant in prisoner's § 1983 action on basis that "a detention facility is not a person or legally created entity capable of being sued"). Therefore, even if Plaintiff had brought claims against GCDC, any such claims would be subject to dismissal.

*Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotations and citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Because Plaintiff is appearing pro se, the Court must liberally construe the allegations of his complaint. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But this liberal construction "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

## III. Analysis

### A. Eighth Amendment Claims

In Counts I through III of the Complaint, Plaintiff brings claims pursuant to the Eighth Amendment alleging unconstitutional conditions of confinement. The Eighth Amendment requires prison officials "to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998). But "only those deprivations denying the minimal civilized measure of life's necessities . . . are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal quotations omitted).

To establish a prison official's liability for inhumane conditions of confinement, both an objective and subjective component must be satisfied. The deprivation alleged must be "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) ("the inmate must show

that he [was] incarcerated under conditions posing a substantial risk of serious harm"). And, the prison official must have acted with a "sufficiently culpable state of mind," i.e., the official must have acted with deliberate indifference to a substantial risk of serious harm to the prisoner. *Id*.

As to the objective component, whether prison conditions constitute cruel and unusual punishment for Eighth Amendment purposes depends on whether those conditions are sufficiently prolonged and severe. *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998). "The purpose of the 'sufficiently serious' requirement 'is to limit claims to significant, as opposed to trivial, suffering. Consequently, [the court] look[s] to the alleged injury claimed by the prisoner, and asks[s] whether that harm is sufficiently serious.'" *Murray v. Edwards County Sheriff's Dept.*, 248 F. App'x 993, 997 (10th Cir. 2007) (*quoting Kikumura v. Osagie*, 461 F.3d 1269, 1291 (10th Cir. 2006)).

Where multiple conditions are challenged, those conditions must be considered "in combination" if those conditions "have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise." *Wilson*, 501 U.S. at 304. Here, Plaintiff does not identify the deprivation of a single human need and therefore, an evaluation "in combination" would be improper. *Lucero v. Mesa County Sheriff's Dept.*, 297 F. App'x 764, 766 (10th Cir. 2008); *see also Wilson*, 501 U.S. at 305 ("Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists.").

The Constitution "does not mandate comfortable prisons" and jail conditions may be "restrictive and even harsh" without violating constitutional rights. *Rhodes v. Chapman*, 452 U.S. 337, 347, 349 (1981). As the Tenth Circuit has observed, "[t]here is no bright line" and while the court has found that "24 hours was too long to deprive a prisoner of food and water

4

while conducting an inter-prison transfer; or that three days is too long to leave a prisoner in a cell covered in human feces, [b]y contrast, six hours is not too long to spend barefoot in a cell with no toilet." *Allen v. Avance*, 491 F. App'x 1, 4 (10th Cir. 2012) (citations omitted).

The subjective component of an Eighth Amendment claim requires a plaintiff to demonstrate that a prison official acted with deliberate indifference. *Farmer*, 511 U.S. at 837. "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*.

Applying the applicable standard, the Court finds Plaintiff has failed to allege facts to demonstrate either the objective or subjective components of an Eighth Amendment claim.

Plaintiff alleges that on August 7, 2015 from approximately 1:45 p.m. to 5:00 pm., he was on lock down in a cell "that had knowingly been contaminated with urine and feces and had no running water." He alleges that Defendant Marshal ordered him on lock down in the contaminated cell and Defendant Dustin placed him in the cell, "knowing of the unliveable conditions." *See* Complaint at p. 1, 2; *see also id.* at p. 4.[2]

The Court finds these facts fail to allege conditions sufficiently harsh to constitute cruel and unusual punishment as required to support a plausible Eighth Amendment claim. In *Ledbetter v. City of Topeka, Kansas*, 318 F.3d 1183, 1188 (10th Cir. 2003), the plaintiff alleged that he had been kept "in a filthy cell with no toilet in [his] bare feet" for a period of five hours.

---

[2] Citations to Plaintiff's Complaint refer to this Court's ECF pagination.

The Tenth Circuit held that Plaintiff did not allege "a sufficiently serious deprivation to constitute a constitutional violation." *Id*. Plaintiff's allegations are similar.[3]

Although the Tenth Circuit has recognized that human waste is "particularly offensive" and, therefore, courts have been "cautious to condone conditions that include an inmate's proximity to [it]," *see McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001), Plaintiff's allegations involve a short duration of approximately three hours. *Compare Taylor v. City of Bixby, Oklahoma*, No. 12-CV-0066-CVE-FHM, 2012 WL 6115051 at *10 (N.D. Okla. Dec. 10, 2012) (unpublished op.) (recognizing heightened concerns of exposure to human waste but finding Plaintiff's allegations that he was denied toilet paper for a period of ten days and had to wipe himself with his own hand were "far afield from the types of cases where exposure to human waste constitutes an Eighth Amendment violation") (*citing DeSpain v. Uphoff*, 264 F.3d 965, 975 (10th Cir. 2001) ("plaintiff met the objective prong of [Eighth Amendment] test where plaintiff was exposed for thirty-six hours to stench of sitting urine in his toilet and urine and feces in water near his cell and where officers rolled food cart through the urine-mixed water")). Thus, Plaintiff's allegations fail to identify a sufficiently serious risk to his health or safety.

Plaintiff's factual allegations fail under the subjective prong as well. Nothing about the conditions he faced demonstrates an obvious risk of harm. Plaintiff's conclusory statement that Defendant Dustin acted "knowingly" is not entitled to any assumption of truth under Rule 12(b)(6) and otherwise is insufficient to establish deliberate indifference. *Compare Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) (recognizing that entirely conclusory allegations are not entitled to the assumption of truth for purposes of Rule 12(b)(6)).

---

[3] In this respect, the Court notes that Plaintiff alleges that he was placed in a cell that had "recently been contaminated by urine and feces," *see* Complaint at p. 1, but does not allege that urine and feces were present in the cell.

Plaintiff further alleges his Eighth Amendment rights were violated based on the following: (1) he was given hazardous cleaning supplies with no protective gear; (2) he was denied commissary items for a period of approximately seven days (from July 2nd through July 9th 2015); (3) he had to clean urine and feces for a period of approximately three weeks (from July 11th through August 6th 2015); (4) he had to clean up pepper spray on one occasion, which resulted in irritation to his eyes and a sore throat; (5) hot coffee was thrown on him; and (6) he was permitted to shower only twice during a seven-day period. *See* Complaint at p. 4.

While the conditions about which Plaintiff complains are harsh, Plaintiff does not identify any sufficiently serious harm and, therefore, his allegations do not rise to the level of a constitutional violation. *Compare Lewis v. McKinley County Board of County Commrs.*, 425 F. App'x 723, 727 (10th Cir. 2011) (allegations of complaint that prisoner's "cell lacked daylight and adequate toilet privacy, that it was filthy and had to be sprayed regularly for bacteria, that the shower drain was clogged, that she was allowed exercise only one or two times per week, and that the food was unappetizing [and that] "[a]t one meal she was 'almost certain' there was a maggot in the rice . . . ." failed to sufficiently show a deprivation of "the minimal civilized measure of life's necessities").

But even if the conditions as alleged are sufficiently serious, Plaintiff does not identify any defendant responsible for the actions about which he complains or allege facts demonstrating any defendant acted with deliberate indifference. He only alleges that "John, a night shift guard was present" when the hot coffee was thrown on him, *see* Complaint at p. 4, but he does not allege the guard participated in the conduct in any way. Nor does he name John as a defendant in this action. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional

violation.") (citation omitted); *see also Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established."). "In the absence of specific allegations against one or more named defendants, [Plaintiff] cannot maintain a claim with respect to the conditions at [GCDC]." *Brewer v. Gilroy*, -- F. App'x --, No. 15-7027, 2015 WL 5106273 at *6 (10th Cir. Sept. 1, 2015). Accordingly, Plaintiff's Eighth Amendment claims should be dismissed for failure to state a claim upon which relief may be granted.

Finally, Plaintiff claims his Eighth Amendment rights were violated based on that fact that he was "subjected to racial epithets while working with jail staff, and nothing was done about it." *See* Complaint, Count III. Plaintiff's allegations are deficient in a number of respects. First, his allegations are wholly conclusory. *Hall*, 935 F.2d at 1110 (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based"). Second, he fails to identify any prison official responsible for such actions. *See Gallagher*, 587 F.3d at 1069; *Trujillo*, 465 F.3d at 1227. And finally, his claims are legally insufficient. As the Tenth Circuit has held, although "[t]his conduct, if true, is deplorable and unprofessional," it does not rise to the level of a constitutional violation. *Williams v. Levansailor*, No. 98-4006, 1998 WL 426865 at *1 (10th Cir. July 21, 1998) (unpublished op.) (citing cases holding that verbal abuse and use of derogatory racial epithets are not actionable under § 1983); *see also McBride*, 240 F.3d at 1291 n. 3 ("[A]cts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment."); *Moore v. Morris*, 116 F. App'x 203, 205 (10th Cir. 2004) (allegation that prison official verbally abused plaintiff with a racial epithet did not state a violation of his Eighth Amendment rights). For these reasons, Plaintiff's Eighth

Amendment claim raised in Count III of the Complaint should also be dismissed for failure to state a plausible claim upon which § 1983 relief may be granted.

B.     **First Amendment Claim**

In Count II of the Complaint, Plaintiff also purports to bring a claim pursuant to the First Amendment, but the factual basis for his claim is not clear. Plaintiff alleges he was fired for "speaking up for what was right." *See* Complaint at p. 5; *see also id*. at p. 6 (requesting relief for "speaking your mind respectfully when something is wrong and maintaining your job[,] freedom of speech"). But Plaintiff does not provide factual support sufficient to allow any determination as to whether his constitutional rights were violated. And, again, he does not identify any Defendant responsible for the alleged deprivation of his constitutional rights. His wholly conclusory allegations, therefore, fail to state a claim upon which § 1983 relief may be granted.[4]

## RECOMMENDATION

It is recommended that the Complaint [Doc. No. 1] be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state claims upon which § 1983 relief may be granted.

---

[4] It is unclear whether Plaintiff also purports to bring a claim based on allegations that he was fired from his prison job. *See* Complaint at p. 4 ("I was fired for saying If serving 200 trays and making them in 20 min without spillin a drop where easy 5 inmates would not be doing the job"). Plaintiff, however, "has no right to a job in the prison or to any particular job assignment." *Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991). It is also unclear whether Plaintiff brings a claim premised on a violation of his equal protection rights. *See* Complaint at p. 2 ("Inmates of color (minorities) are discriminated against in the kitchen."); *see also id*. at p. 3 ("Does Affirmative Action not apply to Inmates?"). Regardless, these claims are wholly conclusory and fail to identify any particular defendant responsible for the conduct about which Plaintiff complains. *See Gilroy*, 2015 WL 5106273 at *8 (finding dismissal of equal protection claim proper where the plaintiff's "generic allegations of racial discrimination at OSP – ungrounded in specific factual averments that would show that he was treated differently from similarly situated white prisoners – are insufficient to state a plausible equal protection claim") (citations omitted).

**NOTICE OF RIGHT TO OBJECT**

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by December 23, 2015. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**STATUS OF REFERRAL**

This Report and Recommendation disposes of all issues referred by the District Judge in this matter.

ENTERED this 3rd day of December, 2015.

BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE